Marjorie L. Hauf, Esq.
Nevada Bar No. 8111
Matthew G. Pfau, Esq.
Nevada Bar No. 11439
Cara Xidis, Esq.
Nevada Bar No. 11743
H&P LAW
710 South 9th Street
Las Vegas, NV 89101
702 598 4529 TEL
702 598 3626 FAX
e-file@courtroomproven.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| **Cameron Wiegand,**<br><br>Plaintiff,<br>vs.<br><br>**State Farm Mutual Automobile Insurance Company;** Does 1 through 10, inclusive and Roe Corporations 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-01935-JAD-DJA<br><br>**Stipulated Discovery Plan and Scheduling Order** ~~Submitted in Compliance with LR 26-1(b)~~<br><br>**Special Scheduling Review Requested** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(b), Plaintiff, Cameron Wiegand, and Defendant, State Farm Mutual Automobile Insurance Company, by and through their undersigned counsel, hereby submit this proposed Discovery Plan and Scheduling Order. Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the preceding or next judicial day.

The Complaint in this matter was filed in the Eighth Judicial District Court, Clark County, Nevada, designated as Case No.: A-24-898186-C on July 24, 2024. Defendant was properly served on October 9, 2024. On October 17, 2024, Defendant filed a Petition for Removal [ECF Doc 1]. On October 21, 2024,

Defendant filed its Answer to Complaint [ECF Doc. 5]. On October 31, Defendant filed its Statement Regarding Removed Action [ECF Doc. 6]. On November 11, 2024, the parties filed their Joint Status Report [ECF Doc 8]. On November 18, 2024, Plaintiff filed his Motion for Remand [ECF No. 10].

1. **Meeting:** Counsel for the parties met and conferred as required by Fed. R. Civ. P. 26(f) on November 6, 2024, and discussed the following:

2. **Initial Disclosures:** The parties have already served their initial disclosures, pursuant to FRCP Rule 26(a)(1).

3. **Areas of Discovery:** The Parties agree that each party may conduct discovery as allowed under the Federal Rules of Civil Procedure.

4. **Discovery Cut-off Dates**: LR-26(1)(E)(1) provides that "unless otherwise ordered, discovery periods longer than one hundred eighty (180) days from the date the first defendant answers or appears will require special scheduling review."

   a. **Discovery Cut-Off Date**: Given the complexity of the claims asserted, the injuries claimed by the Plaintiff, the number of documents likely to be produced, and the need for experts who will need to perform a detailed review of said documents, the parties respectfully request a 270-day discovery period, from October 21, 2024, the day of Defendant filed its first responsive filing in this court. The parties also have a mediation scheduled for January 7, 2025, and intend to wait to take depositions and disclose experts until after that time, in an effort to minimize unnecessary costs, should a settlement be reached. The stipulated discovery cut-off date is therefore July 18, 2025.

   b. **Amending the Pleadings and Adding Parties**: The last date for filing motions to amend the pleading or to add parties shall

not be later than 90 days prior to the close of discovery. In this action, the last date for filing motions to amend the pleadings or add parties shall be April 18, 2025.

c. **FRCP 26(A)(2) Disclosures (Experts)**: The last date for disclosure of expert witnesses shall be 60 days before the discovery cut-off date. In this action, the last date for disclosure of experts shall be May 19, 2025. Rebuttal experts shall be disclosed on or before June 18, 2025.

d. **Dispositive Motions**: The last date for filing dispositive motions shall not be later than 30 days after the discovery cut-off date. In this action, the last date for filing dispositive motions will be August 15, 2025.

e. **Pretrial Order**: The joint pretrial order shall be filed no later than 30 days after the date set for filing dispositive motions. In this action, the joint pretrial order shall be filed on or before September 15, 2025. In the event that dispositive motions are filed, the joint pretrial order shall be filed no later than 30 days after the order(s) on the dispositive motions are entered.

f. **Court Conferences:** If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

g. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** LR ~~26-4~~ 26-3 governs the modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made no later than 21 days before the discovery deadline sought to be extended.

h. **FRCP 26(a)(3) Disclosures**: The disclosures required by FRCP 26(a)(3) and any objections thereto shall be included in the pretrial order.

i. **Alternative Dispute Resolution:** The Parties hereby certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation and arbitration.

j. **Alternative Forms of Case Disposition:** The Parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, use of the Short Trial Program (General Order 2013-01).

k. **Format of Discovery**: Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses. In addition, and in order to save the costs of printing and mailing documents, the parties agree to exchange discovery documents, including but not limited to FRCP 26 disclosures, discovery requests, responses, document production, and expert disclosures, via electronic mail. If a discovery document is too large to send via email, the parties may send such documents via a file-sharing service (DropBox, OneDrive etc.) or on a CD/DVD/thumbdrive via US Mail.

l. **FRCP 26-1(b)(9) – Presentation of Electronic Evidence for Jurors**: Pursuant to Local Rule 26-1, the parties discussed

PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberation. As the electronic presentation of evidence for jurors is likely at this time, the parties will coordinate with the courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the Court's electronic jury evidence display system and, if possible, provide discovery in an electronic format compatible with the Court's electronic jury evidence display system.

Dated this 20th day of November, 2024.

LEWIS BRISBOIS BISGAARD & SMITH

*/s/ Frank Toddre II*
_____
Frank Toddre II, Esq.
Nevada Bar No. 11474
6385 S. Rainbow Blvd., Ste 600
Las Vegas, Nevada 89118
Attorney for Defendant

Dated this 20th day of November, 2024.

H&P LAW

*/s/ Marjorie Hauf*
_____
Marjorie Hauf, Esq.
Nevada Bar No. 8111
Cara Xidis, Esq.
Nevada Bar No. 11743
710 S. 9th Street
Las Vegas, NV 89101
Attorneys for Plaintiff

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 11/21/2024